UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00654-MOC

| | |
|---|---|
| **RAINTREE HEALTHCARE OF FORSYTH, LLC DOING BUSINESS ASINTEGRITY ASSISTED LIVING,** ) ) ) ) Appellant, ) ) Vs. ) ) **AA HOLDINGS-WINSTON-SALEM, LLC,** ) ) ) Appellee. ) | ORDER OF DISMISSAL |

**THIS MATTER** is before the Court on Certification from the Clerk of the Bankruptcy Court that Appellant has failed to file the designation of the items to be included in the record on appeal and a statement of the issues to be presented to this court as required by Fed. R. Bankr. P. 8009(b). Review of such certification reveals that Appellant has already been provided with written notice of such deficiency by the Bankruptcy Clerk, given ten days to comply, and has failed to heed such notice.

The history of the proceedings below was outlined in Appellees' Response (#3) to Appellant's first Motion for Extension (#2). In that Response, Appellee argued that the Court should not grant the Appellant an extension because Appellant was "unequivocally attempting to cause further delay and is simply failing to properly prosecute the appeal." Response (#3) at ¶ 10. Despite that warning, this Court granted the first extension finding that "the undersigned can find no record of delay or frivolous filings by counsel for appellant in this Court" and that it would treat

"the motion as one made by any attorney in good standing with the Bar of this Court, which carries with it a presumption of good faith." Order (#4) at 2.

Appellant thereafter sought a second extension, representing therein that "it had not received a transcript of the proceedings below" and needed additional time to prepare the record and file its statement of issues on appeal. Motion (#5). Appellee again responded, pointing out that the reason Appellant had not received the transcript was because Appellant had *never ordered* the transcript. Response (#6). The omission of this salient fact resulted in the Court denying the second Motion for Extension and setting a deadline of January 10, 2018, for Appellant to prepare the record on appeal and an appropriate statement of the issues on appeal and file such with this Court. Appellant filed its Statement of Issues Appeals on January 10, 2018. The record on appeal has not been filed with this Court or the Bankruptcy Court. On February 6, 2018, the Bankruptcy Clerk advised this Court that as of such date, Appellant had neither ordered the transcript as required by Rule 8009(b) or tendered the transcript despite having been provided written notice and given ten business days to comply.

At this point, the Court determines that Appellant has failed to properly prosecute this action. Further, the Court finds that counsel for Appellant's omission of the fact that he *not ordered* the transcript when he represented that he *not received* the transcript is a material omission: had counsel for Appellee not pointed out that salient missing fact, the Court would have granted the extension. The Court will, therefore, dismiss the appeal without prejudice.

Counsel for Appellant now has a track record of dilatory conduct with the United States Court for the Western District of North Carolina. A closer review of the docket has been initiated and it reveals that Appellant's counsel has had at least one other incident resulting in the issuance

of a Show Cause Order (#173) by the Honorable Frank D. Whitney, Chief United States District Judge. See Rudolph v. Bacon Independent Living, LLC, 3:11cv00617 (W.D.N.C. 2012).

**ORDER**

**IT IS, THEREFORE, ORDERED** that this appeal is **DISMISSED WITHOUT PREJUDICE** for failure to comply with Rule 8009(b) or the Orders of the United States Bankruptcy Court.

Signed: February 7, 2018

Max O. Cogburn Jr.
United States District Judge