UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00654-MOC

| | | |
|---|---|---|
| **RAINTREE HEALTHCARE OF FORSYTH, LLC DOING BUSINESS ASINTEGRITY ASSISTED LIVING,** | ) ) ) ) | |
| Appellant, | ) ) | |
| Vs. | ) ) ) ) ) | ORDER TAKING MOTION UNDER ADVISEMENT AND SETTING EVIDENTIARY HEARING |
| **AA HOLDINGS-WINSTON-SALEM, LLC,** | ) ) ) ) | |
| Appellee. | ) | |

**THIS MATTER** is before the Court on appellant's "Motion to Reconsider Dismissal of Appellant's Appeal Pursuant to Rule 60 of Federal Rules of Civil Procedure." (#12). Appellee has filed a Response (#13) and the time for filing a Reply has expired. For the reasons that follows, the Court will schedule an evidentiary hearing.

**FINDINGS AND CONCLUSIONS**

In concluding that a hearing is necessary, the Court has given close consideration to the affidavit of Ms. Reema Owens, which was submitted by appellant in support of its Motion to Reconsider. There are a number of irregularities with her affidavit. First, it is atypical in this Court's experience for the alleged representative of the corporate client to be tasked with ordering a transcript from the Official Court Transcriber. Second, there is no explanation as to why Ms. Owens had to act as a conduit between the attorney lodging the appeal, Mr. Snyder, and another

-1-

attorney, Mr. Lewis, who is not of record in this appeal. Third, there is no explanation as to why Mr. Snyder did not expect to be the recipient of the transcript and why he believed Ms. Owens or Mr. Lewis may have received it. Fourth, there is no documentation to support the averment that Mr. Lewis cancelled the transcript order in this matter on or before January 5, 2018. Certainly, there would be correspondence and some sort of engagement agreement with the Official Court Transcriber documenting the original order and the termination. Indeed, there is no "Transcript Request" from an Official Court Transcriber in the bankruptcy docket between November 9, 2017, and January 5, 2018, and it is this Court's understanding that such is routinely done *when* a transcriber is engaged. Further, the affidavit does not even name the transcriber engaged.

Generally, Ms. Owens avers that all communications were by phone or text, but no documentation of those communications has been provided. Further, no documentation is provided that backs up the assertion that a transcript was mistakenly ordered from the Middle District by Mr. Lewis at Ms. Owens instruction. While there are assertions concerning the communications between Mr. Snyder, Ms. Owens, and Mr. Lewis, there is no averment in the affidavit or assertion in the motion that anyone ever checked the publicly available bankruptcy docket to see if a transcript had been ordered from an Official Court Transcriber.

Putting aside those matters, the Court's main concern is not with the Mr. Snyder's first incorrect representation that the transcript "had not been received" when in fact it had not been ordered. See Order (#7) dated January 8, 2018. Rather, the Court's concern is with a statement made two days after that Order when Mr. Snyder represented in the "Proposed Record on Appeal" (#8-1) filed January 10, 2018, that the "transcript [was] ordered but not delivered in written form at the time of this filing." Id. at ¶ 3. That representation was also flatly incorrect as no transcript

had been ordered and no explanation has been offered in appellant's motion or Ms. Owens' affidavit as to good faith basis for that representation. Even if the Court were to fully credit Ms. Owens averments, the affidavit indicates that counsel's first post-January 8 inquiry to her was on February 7, 2018, the date this Court dismissed the appeal. Had the electronic bankruptcy docket been reviewed between January 8th when the Order was entered and 10th when the Proposed Record on Appeal was filed, it would have revealed that no transcript had been ordered.

Ultimately, it appears that the transcript was not ordered until February 7, 2018, the same day this Court dismissed the appeal and the same day Mr. Snyder made inquiry of Ms. Owens. See Bankr. No. 17-31083 (W.D.N.C. Bankr. Ct.) "*Request for Transcript for hearing on DATE: 9/19/2017 by Randel Raison. (cch) (Entered: 02/07/2018)*" (Br. #124); Owens Aff. (#12-1) at ¶ 6. That request came almost a month after the Court advised appellant of the incorrect assertion and approximately 90 days after the appeal was filed.

As the supporting affidavit has raised more questions than it has answers, the Court is not in the position to give appellant's Motion for Reconsideration the full consideration it deserves without an evidentiary hearing. The Court has, therefore, taken the motion under advisement and will set the matter for hearing.

Counsel for appellant, his affiant Ms. Owens, and Attorney Robert Lewis are required to appear at such evidentiary hearing and each be prepared to testify concerning their efforts in ordering a transcript in this matter. Counsel for appellee shall also be present and may subpoena any witness or submit any evidence appellee believes can shed some light on what has transpired. Further, Counsel for appellant shall bring to the hearing copies of all email, texts, toll records, ESI, letters, agreements, and contracts between his office (or anyone acting under his direction) that

bear on the issues herein discussed.  Of particular interest to the Court is the documentation supporting each order and each terminated transcript order.

Finally, appellant shall subpoena and pay the expenses of the Official Court Transcriber(s) involved in such each order, misorder, or cancellation for appearance at the evidentiary hearing <u>or</u> appellant shall secure and present at the hearing their affidavits detailing the contacts made in regards to this matter.

***

In Court has read the attachments to appellee's Response (#13) and is aware that appellant was itself in bankruptcy in the Bankruptcy Court for the Middle District; that Mr. Lewis is counsel for the debtor there; and that such action was dismissed by the bankruptcy court.  In pursuing reconsideration, there is little comfort to be found for appellant in the Middle District's February 7, 2018, Order of Dismissal, as Judge Kahn noted serious concerns with the conduct of counsel therein which bears striking similarities with actions in this appeal. <u>See</u> Appellee's Ex. B (# 13-2). Appellant and its counsel are advised that it is not too late to discuss resolution of these matters with appellee's counsel.

**ORDER**

**IT IS, THEREFORE, ORDERED** that appellant's "Motion to Reconsider Dismissal of Appellant's Appeal Pursuant to Rule 60 of Federal Rules of Civil Procedure" (#12) is **TAKEN UNDER ADVISEMENT**, and the Clerk of Court is instructed to Notice an Evidentiary Hearing in this matter for Wednesday, March 28, 2018, at 11 a.m. in the United States Courthouse in <u>Charlotte, North Carolina</u>.  Counsel for appellant shall assure compliance with the instructions

contained in this Order concerning appearance of witnesses and production of materials at the hearing.

Signed: March 15, 2018

Max O. Cogburn Jr.
United States District Judge